## NATHAN STEWART, et al. *against* ELEAZER BALDWIN

Costs are not recoverable by either party in an action of partition.
Costs are exclusively a matter of statutory creation.

ERROR to the Common Pleas of Tioga county.

This was an action of partition brought by *Eleazer Baldwin,* against *Nathan Stewart* and *John Bruce,* in which the defendants plead *non tenent insimul.* The cause having been tried by jury, a verdict and judgment was rendered for the defendants. A *fi. fa.* was then issued against the plaintiff for costs, including a bill of defendants' witnesses, amounting to two hundred and seventy-six dollars and ninety-seven cents.

The plaintiff's counsel obtained a rule to show cause why the *fi. fa.* for costs should not be set aside; on the ground that costs are not recoverable in an action of partition; which at a subsequent term was made absolute. The defendant then sued out this writ of error.

*Greenough,* for plaintiff in error.

A declaration in partition always concludes to the damage of the plaintiff. *Plead. Asst.* 304. If damages are recoverable so are costs. If then the plaintiff may recover costs, the *Stat.* 23, *Hen.* 8, gives costs to the defendant. Between coparceners damages in partition are not recoverable, but in other cases, where the right to have partition is denied, they are. 2 *Bac. Ab.* 45, 266. *Stat.* 17, *Edw.* 3, ch. 71.

*Parsons* and *Willeston,* for defendant in error.

No damages or mesne profits are recoverable in an action of partition, but may be in account render. 2 *Bac. Ab.* 44. *Roberts' Dig.* 207. The *Stat.* 23, *Hen.* 8, has been restrained to cases of personal wrong. *Penn'a Prac.* 150. *Sayer on Costs, title Coparceners. Commonwealth* v. *The Com. of Philad.* 8 *Serg. & Rawle,* 155. Costs are never recoverable except by statutory provision.

PER CURIAM.—We have inquired into the practice since the argument, without having ascertained that there has been a departure from the provisions of the English statutes, according to which costs are not allowed in partition; and however unreasonable this may be, yet costs being exclusively a matter of statutory creation, it is plain that the remedy lies not with us, but with the legislature. The judgment for the defendant without costs was therefore regular.

Judgment affirmed.